### LEHMAN, ABRAHAM & CO. vs. MRS. E. SCARBOROUGH.

GUNBY. J. This is a suit against a married woman, and the usual defence is made. Where a married woman is carrying on a plantation, whether separate in property or not, she will be bound only for such articles as were used, or could have been used for planting purposes. The commission merchant cannot follow up his goods and see how they are used, but must act on the fair presumption that his customer is honest. He must show, however, that the invoices and drafts were for such things as could have been used and usually are necessary for plantation supplies.

2. This law makes it very difficult for commission merchants to deal with married women, but the law cannot be changed for merchants' convenience, and if, in spite of long-continued and loud-voiced judicial warnings and thick-set beacon lights of jurisprudence, they venture upon the shoals where so many dealers with married women have been wrecked, they must be willing to scrutinize every step with that rigid caution which is the essence of our marital law.

---

### D. C. GIBSON vs. MRS. P. C. McFÉE.

CLINTON, J. Where there is no express and special authority given to an agent to sign a note, the burden of proof is on the holder thereof to show that the debt for which the note was given enured to the benefit of the principal.

2. A manager, employed to conduct the business of a drug store, is without authority to borrow money to pay the liability thereof, and to hold the defendant liable for money loaned to such manager, the plaintiff must show that the money was actually used in and to the advantage of defendant's business.